**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| ANTHONY VARGAS GONZALEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:05-CV-0284-Y |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Anthony Vargas Gonzalez, TDCJ-ID #1159279, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Pampa, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURAL HISTORY

In November 2002, Gonzales was charged by indictment in Tarrant County, Texas, with

aggravated assault with a deadly weapon. (State Habeas R. at 25.) At trial, the victim, Melissa Carr, testified that she and Gonzalez had an on-again-off-again relationship and had two children together. (3Reporter's R. at 11-12.) On the evening of August 27, 2002, she spoke with Gonzalez on the telephone and told him they did not need him in their lives anymore and to stay away from the children. (*Id.* at 14.) Shortly thereafter, Gonzalez arrived at Carr's residence, forced the barrel of a revolver into her mouth, held her by the neck, pushed her up against a wall, and threatened her. (*Id.* at 17-19.) At one point, he removed the barrel from Carr's mouth to show her the bullets in the cylinder and then forced the barrel back into her mouth. (*Id.* at 19-21.) After making more threats, he left. (*Id.* at 21.) The state produced photographs of Carr's injuries. Gonzalez did not testify.

Based on the evidence, the jury found Gonzales guilty of the charged offense, and the trial court assessed his punishment at twenty-five years' confinement. (State Habeas R. at 26-27.) Gonzales appealed his conviction, but the Second Court of Appeals affirmed the trial court's judgment on April 15, 2004. *Gonzales v. Texas*, No. 2-03-106-CR (Tex. App.–Fort Worth Apr. 15, 2004) (not designated for publication). He did not file a petition for discretionary review. (Petition at 3.) He did, however, file a state application for writ of habeas corpus in the Texas Court of Criminal Appeals, which was denied without written order on August 25, 2004. *Ex parte Gonzales*, No. 59,339-01, at cover. Gonzalez filed this federal petition for writ of habeas corpus on April 26, 2005. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition deemed filed when papers delivered to prison authorities for mailing).

### D. ISSUES

Gonzales raises the following four grounds for relief:

(1) His conviction was obtained by the use of evidence gained from an unconstitutional search and seizure;

2

(2) His conviction was obtained by the use of perjured testimony of Carr;

(3) His conviction was obtained by prosecutorial misconduct and improper jury argument; and

(4) His conviction was obtained by the trial court's abuse of discretion in denying his motion for mistrial following the state's improper jury argument. (Petition at 7-8 & Brief in Support)

### E.  RULE 5 STATEMENT

Although Dretke does not address the issue, it appears that Gonzales has failed to exhaust his state court remedies regarding grounds 1, 2, a portion of ground 3, and ground 4 and that the claims are procedurally barred. 28 U.S.C. § 2254(b)-(c); *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996) (district court may notice sua sponte lack of exhaustion). Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the highest state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in felony

3

cases.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).

Gonzales did not file a petition for discretionary review, thus for purposes of exhaustion it was necessary that he raise his claims in his state habeas application.  A review of the habeas record, however, reflects that he raised only his claim of improper jury argument raised under ground 3.  Gonzalez concedes that he raises the remaining claims for the first time in this federal petition. (Petition at 8.).  Because the state court was deprived a fair opportunity to consider the merits of these claims, the claims are unexhausted for purposes of federal habeas review.  *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998).  Assuming the unexhausted claims could have been raised on collateral review, under the Texas abuse-of-the-writ doctrine, Gonzales cannot now return to the state courts for purposes of exhausting the unexhausted claims.  The Texas abuse-of-the-writ doctrine prohibits a successive state habeas petition, absent a showing of cause, if the applicant urges grounds that could have been, but were not, raised in his first habeas petition.  *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994).  This doctrine is an adequate state procedural bar for purposes of federal habeas review.  *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997).

Under these circumstances, federal habeas corpus relief is unavailable unless the petitioner can show either (1) cause for the default and actual prejudice, or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is actually innocent of the crime.  *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  The only reason given by Gonzales for his failure to exhaust the claims in state court is that he "did not have the leisure of

4

having the record at the time" he filed his state habeas application. (Petition at 8.) Assuming Gonzalez's assertion to be true, this fact, alone, is insufficient to excuse his default of the claims. Difficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief. *See, e.g., Felder v. Johnson*, 204 F.3d 168- 171-72 (5th Cir. 2000); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Gonzalez provides no evidence of his efforts to obtain a copy of the state court records from his appellate counsel or the state courts before filing his state habeas application. Furthermore, Gonzalez was aware or should have been aware of the factual predicate of one or more of the unexhausted claims to have pursued the claims in his state habeas application with or without a copy of the state court records. Accordingly, grounds 1, 2, 3, except to the extent he raises a claim of improper jury argument, and 4 are unexhausted and procedurally barred from federal habeas review.

F.  DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*

*v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. Jury Argument

Gonzalez claims the prosecutor engaged in improper jury argument by commenting on his failure to testify during closing argument of the guilt/innocence phase. (Petition at 7; Pet'r Brief in Support at 10-14.) The Fifth Amendment prohibits comment on a defendant's silence. *Griffin v. California*, 380 U.S. 609, 615 (1965). Prosecutors are thus prohibited from commenting directly or indirectly on a defendant's failure to testify in a criminal case. *United States v. Montoya-Ortiz*, 7 F.3d 1171, 1178 (5th Cir. 1993). A prosecutor's remarks constitute impermissible comment on a defendant's right not to testify if the prosecutor's manifest intent was to comment on the defendant's silence or if the character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence. *United States v. Johnston*, 127 F.3d 380, 396 (5th Cir. 1997). The prosecutor's intent is not manifestly impermissible if there is some other,

equally plausible explanation for the remark. *Jackson v. Johnson*, 194 F.3d 641, 652 (5th Cir. 1999). The question then becomes not whether the jury might or probably would view the challenged remark in this manner, but whether it necessarily would have done so. *Id.* Challenged comments are evaluated in the context of the trial within which they are made. *United States v. Robinson*, 485 U.S. 25, 33 (1988); *Cotton v. Cockrell*, 343 F.3d 746, 751 (2003), *cert. denied*, 540 U.S. 1186 (2004).

>Gonzalez complains of the following argument:
>
>Now, the theory of the defense is that she lied about it. She made the whole thing up. Her and Javier were in cahoots together. I would like for you to expect in his argument to explain these bruises on her neck and this lip. If you are going to make up my ex-boyfriend, the father of my children is a crazy guy attacking me, do you really bust your lip that bad? Do you bust it in such a way that you have the presence of your mind creating this fantasy that the sight on a gun coincidentally makes the split lip mark?
>Do you remember, Oh, but if I'm going to say he stuck a gun in my throat, we'd better scratch the back of my throat, too? If you're going to do all those injuries, why in the heck are you going to choke yourself, too?
>*Make him explain* that. If that's the theory, *make him explain* why you don't just say, Oh, he slapped me. Oh, he's got a gun, he's threatening me, why you don't just do that.
>And after he explains that, if he can, *make him explain* why an officer can say, I would like to speak to Anthony. This is Anthony. (3Rep. R. at 71-72.)

Gonzalez argues, as he did in state court, that the prosecutor's "make him explain" argument constituted an improper remark on his failure to testify. After reviewing the prosecutor's comments in context, the state appellate court held that "the State's remark was made in response to [Gonzalez's] counsel's argument and was not phrased such that the jury would necessarily and naturally have taken the remark as a comment on [Gonzalez's] failure to testify." The Texas Court of Criminal Appeals also considered and rejected this claim in Gonzalez's state habeas proceeding. Under Texas law, responding to opposing counsel's argument is a permissible area of jury argument.

7

*See Canales v. Texas*, 98 S.W.3d 690, 695 (Tex. Crim. App.), *cert. denied*, 540 U.S. 1051 (2003). The state courts' determination appears correct, and Gonzalez provides no adequate reason to question the state court's conclusion on this issue.

## II.  RECOMMENDATION

Gonzalez's petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 25, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 25, 2005,

8

to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 4, 2005.

       /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE